IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **DISTEFANO, INC.,** *et al.*, | * | |
| | * | |
| **Plaintiffs,** | * | |
| v. | * | Civil Case No. SAG-22-01493 |
| | * | |
| **TASTY BAKING COMPANY,** | * | |
| | * | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This case involves a dispute over the termination of a distributor agreement. The parties have engaged in discovery, and the discovery deadline has now expired. On the final day of discovery, Plaintiffs DiStefano, Incorporated ("DI") and Dwayne DiStefano (collectively, "Plaintiffs") filed a Motion for Leave to Amend Complaint and for Extension of Existing Scheduling Order Deadlines, with a "supplement" consisting of a memorandum of law and associated exhibits. ECF 45, 46. Defendant Tasty Baking Company ("TBC") filed an opposition, ECF 52, and Plaintiffs filed a reply, with a sealed exhibit. ECF 53, 56. This Court has reviewed the filings and has determined that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth herein, Plaintiffs' motion will be GRANTED IN PART and DENIED IN PART.

**I.   BACKGROUND**

Plaintiffs' original Complaint asserted wage claims, a claim for breach of contract, and a claim for violation of the Maryland Fair Distributorship Act arising out of the termination of the long-standing distributor agreement under which DI distributed TBC products within an exclusive geographic territory. ECF 1. In relevant part, in the breach of contract claim, the Complaint alleges

that after the agreement's termination, TBC "woefully mismanaged DI's business, charged DI exorbitant fees (thereby depriving DI of the revenue to which it was entitled)" and "repeatedly le[ft] overcode products at Outlets formerly served by Plaintiffs[.]" *Id.* ¶ 57. In support of their motion, Plaintiffs contend that TBC contributed to delayed discovery in this case. *See* ECF 46 at 7. In particular, they allege that while TBC had produced some weekly statements regarding its revenues from DI's former routes, it did not produce its document explaining how to read those statements until January, 2024. ECF 53 at 4. DI had requested those records almost one year prior, in February, 2023. ECF 53-12 at 3. And on January 31, 2024, at a deposition, TBC's corporate representative reviewed post-termination weekly statements and explained, for the first time, that no cash or limited cash had been received on DI's former accounts that had averaged $1200 / $2000 per week. ECF 46 at 5.

As a result of this new information, Plaintiffs argue that they have shown good cause to amend their Complaint after the deadline for doing so and to seek limited additional discovery relating to the new allegations. Their proposed Amended Complaint (1) eliminates the wage claims; (2) adds some factual allegations relating to the new information; and (3) adds a claim for breach of fiduciary duty relating to TBC's assumption of DI's former distribution route. ECF 45-8.

In opposing the motion, TBC notes that the deadline for amendments to pleadings expired more than one year ago and argues that TBC would be unduly prejudiced by the introduction of a new cause of action at this late stage. ECF 52 at 3, 7–8. It further argues that amendment would be futile. *Id.* at 9–10.

## II.     LEGAL STANDARDS

This case highlights the tension between two applicable Federal Rules of Civil Procedure. Although Rule 15(a)(2) advocates that the Court should "freely" afford parties leave to amend, FED. R. CIV. P. 15(a)(a)(2), Rule 16(b)(4) dictates that a scheduling order set by the court "may be modified only for good cause and with the judge's consent," *Id.* 16(b)(4); *see also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). Here, the applicable scheduling order set February 17, 2023, as the deadline for amendment of pleadings. *See* ECF 20, 21. The instant motion was filed well after that date.

In *Nourison*, like in the instant case, a party sought amendment of its pleading after the expiration of the deadline in the scheduling order. 535 F.3d at 297. The Fourth Circuit noted: "Given their heavy case loads, district courts require the effective case management tools provided by Rule 16." *Id.* at 298. Accordingly, the Fourth Circuit explained that the party seeking to modify the scheduling order must meet the good cause requirement of Rule 16(b)(4), before the court can consider the traditional standard for amendment of a pleading in Rule 15(a)(2). *See id.* ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."); *see also Cook v. Howard*, 484 F. App'x 805, 814–15 (4th Cir. 2012) ("[U]nder Rule 16(b)(4), a party must first demonstrate 'good cause' to modify the scheduling order deadlines, before also satisfying the Rule 15(a)(2) standard for amendment."). To establish good cause, the party seeking to amend the scheduling order must "'show that the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in

3

compliance with the schedule.'" *Id*. at 815 (alteration in original) (quoting 6A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1522.2 (3d ed. 2010)).

### III. ANALYSIS

Here, Plaintiffs have established good cause, in part, for their belated effort to amend. This Court is persuaded that Plaintiffs have been diligent in discovery and could not have discovered the relevant facts regarding the cash accounts earlier, given the highly contentious discovery process in this case. However, this Court also believes that Plaintiffs could have originally asserted a breach of fiduciary duty claim, given that Plaintiffs already alleged mismanagement of the distribution account at the time of the original Complaint. *See* ECF 1 ¶¶ 56–57. In *Rassoull v. Maximus, Inc.*, the court specified that:

> The primary consideration of the Rule 16(b) "good cause" standard is the diligence of the movant. Lack of diligence and carelessness are "hallmarks of failure to meet the good cause standard." "The focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end."

209 F.R.D. 372, 374 (D. Md. 2002) (emphases and citations omitted). Overall, this Court finds that Plaintiffs were diligent and have established "good cause" under the Rule 16(b) standard for the belated request to amend.

Next, then, this Court turns to the applicable standard for a party seeking leave to amend a pleading. Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *Johnson v. Oroweat Foods Co.*, 785

F.2d 503, 510 (4th Cir. 1986) (footnote omitted) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (Table) (4th Cir. 2012). Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

Turning to the three factors that can justify denial of leave to amend a pleading, prejudice is "[p]erhaps the most important factor" to consider. *Class Produce Grp., LLC v. Harleysville Worcester Ins. Co.*, Civ. No. SAG-16-3431, 2018 WL 5785664, at *3 (D. Md. Nov. 5, 2018) (quoting WRIGHT & MILLER, *supra*, § 1487). Prejudice "will often be determined by the nature of the amendment and its timing." *Laber*, 438 F.3d at 427. An amendment can cause undue prejudice when it "raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party [and] . . . the amendment is offered shortly before or during trial." *Johnson*, 785 F.2d at 510. Conversely, a proposed amendment carries little prejudice "if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Laber*, 438 F.3d at 427 (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)).

Here, this Court credits TBC's position that addition of a new legal theory, namely the breach of fiduciary duty claim, would cause prejudice. Simply adding the new factual allegations, however, which slightly amplify the already-existing breach of contract claim, would not. Plaintiffs are only asking for a thirty-day additional discovery window. While TBC suggests that it too would require additional discovery, it does not explain why its proposed new discovery would take more than thirty days, particularly since most of the relevant information appears in-house at TBC.

Moreover, as discussed above, Plaintiffs did not delay seeking this amendment in bad faith, and their legal position as to the breach of contract claim cannot be viewed as futile. Thus, none of the three bases for denying leave to amend are present in this case with respect to that claim.

IV. **CONCLUSION**

For the reasons set forth above, this Court will DENY Plaintiffs' motion for leave to amend their Complaint to add a new claim for breach of fiduciary duty but will GRANT the motion in all other respects. This Court will amend the scheduling order as requested by Plaintiffs, and Plaintiffs will have one week from the date of this opinion and order to file their Amended Complaint in the form of ECF 45-8 but eliminating the count for breach of fiduciary duty. A separate order follows.

Dated: March 28, 2024                                   /s/
                                                Stephanie A. Gallagher
                                                United States District Judge